**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FLORENCE ZACHIAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 18-cv-05494 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| CASCADE CAPITAL, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Florence Zachial has sued Cascade Capital, LLC ("Cascade"), alleging two violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p. Specifically, Zachial claims that Cascade violated the FDCPA by contacting her after she directed it to cease its communications (Count I) and by contacting her even though it knew she was represented by counsel (Count II). Cascade has now moved for judgment on the pleadings as to both counts. (Dkt. No. 21.) For reasons explained below, Cascade's motion is granted as to Count I but denied as to Count II.

**BACKGROUND**

Zachial is a senior citizen who lives in Illinois. (Compl. ¶ 8, Dkt. No. 1.) She has a limited income and was unable to pay a debt she allegedly owed to Santander Consumer USA ("Santander"). (*Id.*) To help with her financial issues, Zachial obtained assistance from legal aid attorneys in Chicago. (*Id.* ¶¶ 8–9.) In March 2017, a legal aid attorney sent a letter to Santander stating that Zachial was represented by counsel and directing Santander to cease communications with her. (*Id.* ¶ 9; Compl. Ex. C, Dkt. No. 1-3.)

Sometime after the legal aid attorney sent that letter to Santander, the company sold the right to collect Zachial's alleged debt to Cascade. (Compl. ¶ 10.) According to Zachial, Cascade knew from the "account notes" it received from Santander that Zachial was represented by counsel and that she had demanded that she not be contacted. (*Id.*) Nonetheless, Cascade had a third-party debt collector, MRS Associates, send Zachial a collection letter in February 2018 demanding payment of the debt she originally owed Santander. (*Id.*; Compl. Ex. D, Dkt. No. 1-4.)

After receiving the February 2018 collection letter, Zachial retained new counsel and brought this lawsuit against Cascade. According to the complaint, Cascade violated the FDCPA by (1) contacting her after she demanded that Santander stop contacting her, and (2) contacting her even though it knew she was represented by counsel with respect to the alleged debt. Cascade answered the complaint and then moved for judgment on the pleadings.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." As with a motion to dismiss for failure to state a claim brought under Federal Rule of Civil Procedure 12(b)(6), "to survive a motion for judgment on the pleadings, a complaint must 'state a claim to relief that is plausible on its face.'" *Wagner v. Teva Pharm. USA, Inc.*, 840 F.3d 355, 357–58 (7th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court "draw[s] all reasonable inferences and facts in favor of the nonmovant, but need not accept as true any legal assertions." *Wagner*, 840 F.3d at 358.

I.      Count I

The FDCPA regulates how debt collectors may communicate with consumers.[1] Among other requirements, the FDCPA provides that if "a consumer notifies a debt collector in writing . . . that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt." 15 U.S.C. § 1692c(c). Zachial claims that Cascade violated this provision by sending her a collection letter after she informed Santander, the original creditor, that she wanted Santander to cease contact with her.

Section 1692c(c), however, only restricts a debt collector's communications with the consumer if the consumer "notifies the *debt collector* in writing" that she wants the debt collector to cease contacting her. *Id.* § 1692c(c) (emphasis added). By Zachial's own admissions, she only asked the original creditor—not the debt collector—to cease contacting her. (Compl. ¶¶ 9–11; Compl. Ex. C.) Indeed, Zachial does not claim that she ever notified Cascade that she wished it to cease contact with her.

Zachial's primary argument for why Cascade nonetheless violated § 1692c(c) is that, as Santander's assignee, Cascade was "subject to all of the same information on Ms. Zachial's putative debt" that Santander had. (Pl.'s Resp. in Opp'n to Mot. for J. on the Pleadings at 6, Dkt. No. 30.) To support this argument, Zachial points to the Illinois common law principle that an assignee generally assumes the assignor's rights and obligations. *See, e.g.*, *PRA III, LLC v. Hund*, 846 N.E.2d 965, 972 (Ill. App. Ct. 2006) (creditor's assignee may charge the same interest rate as the creditor); *Cmty. Bank of Greater Peoria v. Carter*, 669 N.E.2d 1317, 1321 (Ill. App. Ct. 1996)

---

[1] Cascade does not dispute that it meets the statutory definition of a debt collector. *See* 15 U.S.C. § 1692a(6).

(mortgagee's assignee has right to insurance proceeds for preassignment property damage); *Carlyle v. Jaskiewicz*, 464 N.E.2d 751, 756 (Ill. App. Ct. 1984) (cotenant's assignee must, under some circumstances, pay contribution to cotenants for unpaid preassignment costs). But by its plain language, § 1692c(c) only imposes a duty on a debt collector when the consumer has contacted the debt collector, not when the consumer has contacted the original creditor.[2] Because the statute's language is plain, this Court must enforce it according to its terms. *Kariotis v. Navistar Int'l Transp. Corp.*, 131 F.3d 672, 680 (7th Cir. 1997).

Moreover, this Court is aware of no case law suggesting that either common law principles or the FDCPA would impute a creditor's knowledge that the consumer has asked it to cease contact to the debt collector. In fact, while considering a different section of the FDCPA, the Seventh Circuit cast doubt on the idea that information may be imputed from the creditor to the debt collector, because in the FDCPA Congress placed obligations on debt collectors but not on creditors. *See Randolph*, 368 F.3d at 729–30. Thus, because the pleadings establish that Zachial only asked Santander, not Cascade, to cease contact with her, Cascade's motion for judgment on the pleadings is granted as to Count I.

## II.     Count II

In Count II, Zachial claims that Cascade violated the FDCPA because it contacted her even though it knew she was represented by counsel. Under 15 U.S.C. § 1692c(a)(2), "a debt collector may not communicate with a consumer in connection with the collection of any debt . . .

---

[2] In fact, under the FDCPA, a consumer's request that a creditor cease contact has no legal effect because the statute only regulates debt collectors, not creditors. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004) ("A distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all."). Thus, even if Cascade knew about Zachial's request to Santander, Cascade would have no duty to avoid contacting her.

if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address."

Here, before Santander assigned its claim to Cascade, Zachial's legal aid counsel sent Santander a letter stating that he "represent[ed] Florence Zachial regarding your firm's attempts to collect" the debt allegedly owed by Zachial to Santander. (Compl. Ex. C.) Zachial does not claim that she or her counsel ever sent a similar notification to Cascade. She does, however, allege that when Cascade bought her account from Santander, it "ignored the information in the account notes that told it . . . that it could no longer call or write Ms. Zachial." (Compl. ¶ 10.) And Zachial specifically alleges that Cascade "knew, or readily could have known, that Plaintiff was represented by counsel in connection with her debts" because of her letter to Santander. (*Id.* ¶ 21.)

In its motion for judgment on the pleadings, Cascade claims it did not know Zachial was represented by counsel. Thus, in Cascade's view, it could not have violated the FDCPA, which forbids a debt collector from contacting a consumer it "knows" to be represented by counsel with respect to such debt. 15 U.S.C. § 1692c(a)(2). Cascade describes Zachial's allegation about the account notes as conclusory. But while Zachial's allegations about Cascade's knowledge are brief, it is nonetheless plausible to infer from them that Cascade knew she was represented by counsel because of account notes Cascade received from Santander and the letter Zachial's attorney sent Santander. Santander must have turned over some information to Cascade about Zachial's account when Cascade bought that account. And, construing the facts in the light most favorable to Zachial, it is plausible that the documents Cascade received from Santander would have informed it that Zachial had counsel.[3] *See Taufen v. Messerli & Kramer, P.A.*, No. 12-2050

---

[3] As an alternative to arguing that Cascade had actual knowledge she was represented by counsel, Zachial contends that Santander's knowledge of the representation should be imputed to Cascade. But addressing this provision of the FDCPA, the Seventh Circuit has strongly suggested that a creditor's knowledge that a consumer is represented by counsel is not imputed to the debt collector. *Randolph*, 368 F.3d at 729–30,

5

(DWF/JJG), 2013 WL 1065436, at *1, *3 (D. Minn. Mar. 14, 2013) (holding that the plaintiff plausibly alleged that a debt collector knew she was represented by counsel because she alleged the creditor gave the debt collector the letter of representation).

In addition to claiming that it did not know Zachial was represented, Cascade argues that the legal aid attorney's letter to Santander only established that he represented her in collection efforts by Santander, not that he represented her with respect to the debt generally. The letter—which states that "we represent Florence Zachial regarding your firm's," *i.e.*, Santander's, "attempts to collect the debt" (Compl. Ex. C)—is somewhat ambiguous. *Cf. McKeown v. Mary Jane M. Elliott P.C.*, No. 07-12016-BC, 2007 WL 4326825, at *6 (E.D. Mich. Dec. 10, 2007) (granting summary judgment when the attorney's letter to the creditor said he was offering a "limited representation" and there was no other evidence he represented the plaintiff in respect to the debt). But while the letter may be somewhat unclear about whether the legal aid attorney would represent Zachial if a third-party debt collector tried to collect Zachial's debt owed to Santander, this Court construes the complaint in the light most favorable to the plaintiff for purposes of the instant motion. In the absence of an express statement of limited representation, it is reasonable to infer that the attorney representing Zachial for purposes of Santander's collection efforts would also represent her in a debt collector's efforts to collect the same debt.[4]

---

733. So, while Zachial's complaint survives judgment on the pleadings on her theory that Cascade had actual knowledge, her alternative theory that Santander's knowledge is imputed to Cascade would be insufficient to state a claim.

[4] Cascade also contends that Zachial has forfeited any argument in opposition to Cascade's position that the letter does not state that the legal aid attorney represented Zachial in respect to the debt. But Zachial did contest that argument, albeit briefly, in her response to the motion for judgment on the pleadings. (*See* Pl.'s Resp. in Opp'n to Mot. for J. on the Pleadings at 3 & n.1, Dkt. No. 30.) Thus, Zachial did not waive the argument.

Further discovery may reveal whether (and when) Cascade in fact knew Zachial was represented by counsel. *Cf. Taufen*, 2013 WL 1065436, at *3. But until then, Zachial has sufficiently pleaded that Cascade actually knew she was represented by counsel with respect to the alleged debt when they sent her a collection letter. Cascade's motion for judgment on the pleadings is therefore denied as to Count II.

## CONCLUSION

Accordingly, for the reasons discussed above, Cascade's motion for judgment on the pleadings (Dkt. No. 21) is granted as to Count I of Zachial's complaint but denied as to Count II.

ENTERED:

Dated: September 30, 2019

Andrea R. Wood
United States District Judge

7